IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PANTELIS ANTONAKEAS,            )
                                )
        Petitioner,              )
                                )
    v.                          )   Civil Action No. 05-305E
                                )     JUDGE SEAN McLAUGHLIN
JAMES SHERMAN, Warden,           )   MAGISTRATE JUDGE BAXTER
                                )
        Respondent.              )

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that the Petition for Writ of Habeas Corpus filed by a federal prisoner be denied, and that Petitioner's Motion for Summary Judgment (Doc. No. 14) be denied as moot.

**II.    REPORT**

This is a petition filed pursuant to 28 U.S.C. § 2241 by a federal prisoner who alleges that he was denied due process in prison disciplinary proceedings which concluded with a finding that he illegally possessed and intended to use a cellular telephone while incarcerated.  Petitioner was sanctioned with the loss of 40 days of Good Conduct Time (GCT).  He was also given 45 days Disciplinary Segregation (DS) which was suspended pending good behavior, and he lost telephone and visiting privileges for 6 years (which sanctions were also suspended pending good behavior).  Petitioner seeks as relief the restoration of the forfeited GCT and the voiding of all other discipline.  The government has filed a response to the petition (Doc. No. 9), Petitioner filed a traverse (Doc. No. 11) and an addendum to the traverse (Doc. No. 13).  Petitioner has also filed a Motion for Summary Judgment (Doc. No. 14) which is, in effect, a request for prompt action on this petition.

    **A.    Facts and Procedural history.**

Petitioner Pantelis Antonakeas is serving a 1988 sentence of 168 months incarceration for conspiracy to distribute cocaine.  On November 10, 2004, while he was

incarcerated at FCI Fort Dix, New Jersey, Incident Report 1281015 was issued reflecting that a routine search of Petitioner's personal property revealed a charged, working cellular telephone concealed inside of a red water cooler which was marked "Greek 00261-112" in black marker (Doc. No. 9-2, page 12).  Investigation revealed that Petitioner was referred to as "Greek" and his Register Number with the United States Bureau of Prisons (BOP) is 00261-112.  The Incident Report was referred to the FBI, which declined to prosecute on December 22, 2004, and returned the matter to FCI Fort Dix (Doc. No. 9-2, page 20).

       The Incident Report was reviewed by the Unit Discipline Committee (UDC) at FCI Fort Dix on December 24, 2004, and was thereafter forwarded to the Discipline Hearing Officer (DHO).  The DHO held a hearing on January 3, 2005, at which Petitioner denied the charges but declined to make a verbal statement (Doc. No. 9-2, page 29).  The DHO considered the Incident Report, investigation, a memorandum submitted by a staff member, and three photographs of the cooler and cellular telephone (Id., page 30).  The DHO found that Petitioner violated Disciplinary Code Section 297, Use of Phone for Abuses Other Than Criminal Activity, and Section 305, Possession of Anything Unauthorized (Id.).

       Petitioner filed a Regional Administrative Remedy Appeal on January 10, 2005 (Doc. No. 9-2, pages 12-13).  He challenged his possession of the cooler on the basis that the cooler is not listed in his property inventory dated November 8, 2004, when the property was packed by personnel at Fort Dix, and also asserted that the charge for actually using the telephone was not supported by the evidence even if possession was established (Id. at page 11).  The Regional Director denied the appeal on February 9, 2005.

       Petitioner next appealed to BOP's Central Office asserting that his property inventory when he was placed in the SHU at Fort Dix fail to show a red cooler (Id., page 15).  Petitioner's sole argument on appeal was that there was no connection between him and the cooler and, by inference, with the cellular telephone hidden therein.  The appeal was denied on July 6, 2005 and this petition was filed on October 24, 2005.  Petitioner asserts that there was no evidence establishing a connection between him, the water cooler and the cellular telephone.  He also asserts that he was denied an impartial tribunal since, in his view, the DHO's mind was made up prior to the hearing

being conducted (Doc. No. 5).

### B. Exhaustion of administrative remedies and procedural default.

Before seeking habeas relief pursuant to § 2241, inmates must exhaust available administrative remedies. See Moscato v. Federal Bureau of Prisons, 98 F.3d 757 (3d Cir.1996). To exhaust administrative remedies before the BOP, a federal inmate seeking review of an aspect of his confinement must first seek to resolve the dispute informally. See 28 C.F.R. § 542.13. If the inmate does not receive a favorable termination, he may submit a formal written Administrative Remedy Request for response by the warden of the facility. See 28 C.F.R. § 542.14. If the inmate is not satisfied with the warden's response, he may appeal the warden's decision to the Regional Director within 20 days of the date of the decision. If he is not satisfied with the Regional Director's response, he may submit an appeal of the Regional Director's decision to the Central Office within 30 days of the date of the decision. *See* 28 C.F.R. § 542.15.

Respondent concedes that Petitioner proceeded to all required levels of review, but notes that he did so only with respect to his claim that the evidence was insufficient. Petitioner did not present his claim that the DHO was prejudiced against him in any of his appeals. Petitioner's failure to raise this claim during the appeal from the DHO's actions prevents him from now attempting to raise it in BOP administrative proceedings. 28 C.F.R. §542.14(a)(inmate must seek relief within 20 days of occurrence); Moscato, 98 F.3d at 761 (A failure to timely appeal the initial denial of administrative relief, which bars further administrative review, is a procedural default barring judicial review.). Id. at 761. This failure to raise the claim during administrative proceedings, and the bar to pursuing administrative relief on this claim now, constitutes a procedural default which Petitioner can overcome only by showing cause and prejudice. "In sum, we hold that a federal prisoner who challenges a disciplinary proceeding within a federal institution, fails to exhaust his administrative remedies because of a procedural default, and subsequently finds closed all additional avenues of administrative remedy, cannot secure judicial review of his habeas claim absent a showing of cause and prejudice." Id. at 762.

Petitioner has not alleged any cause for his failure to raise this claim, i.e., he has

- 3 -

failed to allege that some objective factor external to his defense prevented him from raising this claim during administrative process. Moscato, at 762; Werts v. Vaughn, 228 F.3d 178, 193 (3d Cir. 2000). Petitioner cannot, therefore, overcome the procedural default and his claim that the DHO was prejudiced against him may not be addressed here.

### C. Merits of the Sufficiency Claim.

The court's analysis of Petitioner's remaining, exhausted claim begins with Wolff v. McDonnell, 418 U.S. 539 (1974), which is the seminal case concerning the due process rights of federal prisoners during disciplinary proceedings. A prisoner's accumulation of good time credits, which can affect the length of his incarceration, may give rise to a constitutionally protected liberty interest. Id. Even so, however, this does not entitle prisoners to the full panoply of rights afforded a defendant in a criminal prosecution when these credits are forfeited pursuant to a prison disciplinary proceeding. Id. at 556-57. Instead, a prisoner is entitled only to procedures sufficient to ensure that the protected interest (i.e., good time credit) "is not arbitrarily abrogated." Id. at 557. For example, confrontation and cross-examination are not constitutionally mandated in this setting. Id. at 567.

The Supreme Court has enumerated the following five procedural safeguards which are required in a prison disciplinary proceeding:

> (1) the right to appear before an impartial decision-making body; (2) written notice of the charges 24 hours in advance of the disciplinary hearing; (3) an opportunity to call witnesses and present documentary evidence, provided the presentation of such does not threaten institutional safety or correctional goals; (4) assistance from an inmate representative if charged inmate is illiterate or if complex issues are involved; and (5) a written decision by the factfinder as to the evidence relied upon and the rationale behind the disciplinary tribunal's conclusion.

Von Kahl v. Brennan, 855 F.Supp. 1413, 1418 (M.D.Pa. 1994).[1] A court must reject the evidentiary challenges of a petitioner if there exists in the record "some evidence" to support the decision of the hearing examiner. Superintendent v. Hill, 472 U.S. 445, 457 (1985); Sinde v. Gerlinski, 252 F.Supp.2d 144, 150 (M.D.Pa. 2003). It must be remembered, however, that "[a]scertaining whether

---

[1] These five requirements have been incorporated into the Code of Federal Regulations at 28 C.F.R. § 541.17.

[the] standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing the evidence." Hill, 472 U.S. at 455-56.

In this case, a fully functional cellular telephone was found in Petitioner's cell, in a cooler marked with both Petitioner's nickname ("Greek") and his prisoner register number. He was charged with possessing contraband and with attempting to circumvent the ban on using unapproved communications devices. Petitioner attempts belatedly to build a defense to these charges (he did not testify at his hearing) by asserting that a form completed by prison personnel showing an inventory of his property while incarcerated at Fort Dix does not refer to a cooler as being in his possession. While this is relevant, if not particularly probative, evidence concerning who "possessed" the cooler and the cell phone, more relevant and more probative is the fact that the cooler was in petitioner's cell, and was labeled in marker with Petitioner's name and prisoner number. Of course, the mere fact that Petitioner has some evidence with which he could craft a defense to the disciplinary charges is wholly irrelevant in a § 2241 petition. This court does not have the authority to weigh evidence or to judge the strength of any particular defense Petitioner may present. Instead, the court is asked only to determine if the DHO had "some evidence" upon which to base his finding that Petitioner possessed the cellular telephone and intended to use it. Hill, supra. This inquiry is quickly answered in the affirmative. The instant petition should be denied.

### D. Petitioner's Motion for Summary Judgment (Doc. No. 14).

Petitioner has also filed a motion which has been captioned as one for summary judgment. In reality, Petitioner seems only to be requesting that this petition be disposed of as soon as possible. In light of the instant report disposing of his petition, the motion should be denied as moot.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that this Petition for Writ of Habeas Corpus be denied, and that Petitioner's Motion for Summary Judgment (Doc. No. 14) be denied as moot.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

      /s/Susan Paradise Baxter
SUSAN P. BAXTER
CHIEF UNITED STATES MAGISTRATE JUDGE

Dated: November 6, 2006

cc:     The Honorable Sean J. McLaughlin
United States District Judge

Pantelis Antonakeas
00261-112
FCI Mckean
PO Box 8000
Bradford, PA 16701-0980

Christy Wiegand, Esquire
Assistant United States Attorney
401 U.S. Post Office & Courthouse
Pittsburgh, PA 15219